IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATHY M. NIELSON,<br>Plaintiff,<br><br>v.<br><br>MICHEL KEKEROVIC, an individual; LULA LOGISTICS INC., a Nevada corporation; and DOES I-X;<br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING AN ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:23-cv-164<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On March 7, 2023, Defendant Lula Logistic Inc, removed this case from the Third Judicial District Court for Salt Lake County to this court. *See* Dkt. No. 2. The case was assigned to Magistrate Judge Cecilia Romero who entered an order on March 8, 2023, stating that "Plaintiff(s) must propose a schedule to Defendant(s) in the form of a draft Attorney Planning Meeting Report within 14 days after the first answer to the complaint is filed…" Dkt. No. 4. On May 24, 2023, Plaintiff filed a Report of Attorney Planning Meeting, but the court entered a Notice of Deficiency and struck the Report as improperly filed. *See* Dkt. Nos. 5–6. Plaintiff failed to cure the deficiency and has not filed anything in the case since that time. Defendants also represent that Plaintiff failed to comply with the discovery deadline to produce initial disclosures and has been wholly unresponsive to Defendants' discovery requests despite Defendants repeated emails to Plaintiff's counsel. *See* Dkt. No. 7 ¶¶ 20–38.

On October 5, 2023, Defendants moved to dismiss for lack of prosecution. *See* Dkt. No. 7. On November 1, 2023, Defendants requested that the motion be submitted for decision. *See* Dkt. No. 8. On December 1, 2023, this court entered a docket text order requiring that "[n]o later than December 15, 2023, Plaintiff shall file a brief showing cause why the motion should not be

granted." Dkt. No. 11. The court warned that "[f]ailure by Plaintiff to do so may result in the court's granting Defendants' motion without further notice." *Id*. Plaintiff has failed to respond in any way to this order.

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co*., 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988). This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]," (2) "the amount of interference with the judicial process," (3) the litigant's culpability, (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction, and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interest of justice, the court will dismiss this action without prejudice, it believes the *Ehrenhaus* factors would support dismissal with prejudice given Plaintiff's failure to cure the deficiency identified by the court, comply with her discovery obligations, or respond to the motion to dismiss; her blatant disregard of the show cause order despite clear notice of the consequences of her failure to comply; and her failure to communicate with the court or Defendants in any manner for nearly nine months.

Here, Plaintiff has failed to cure the deficiency identified by the court, comply her discovery obligations, or respond the Defendants' motion to dismiss. She has also disregarded the court's order requiring her to show cause why this case should not be dismissed for failure to prosecute despite clear notice that failure to respond could result in dismissal of her case without further notice. Indeed, since filing her initial (and deficient) Report of Attorney Planning Meeting on May 24, 2023, Plaintiff has not only done nothing to move the case forward in any way, she has failed even to communicate with the court or Defendants at all.

The court thus finds that Plaintiff has failed to (1) prosecute this case; (2) comply with this court's orders; or (3) show good cause why this matter should not be dismissed. Defendants' Motion to Dismiss for Failure to Prosecute is **GRANTED**. Plaintiff's case is **DISMISSED** pursuant to FED. R. CIV. P. 41(b) and DUCivR 41-2 for failure to comply with the court's orders and for failure to prosecute. In the interest of justice, dismissal shall be **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED this 27th day of February, 2024.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge